HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERGMAN DEVELOPMENT PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GRAVIS LAW, PLLC, and AMY WILBURN,<br><br>Defendants. | CASE NO. 2:25-cv-01695-RAJ<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion to Exclude Defendants' Expert Christine M. Tobin-Presser's Testimony, Dkt. No. 28 ("Motion"). The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record. The parties requested oral argument, but the Court finds oral argument is not necessary to resolve the motion. For the reasons set forth below, the Court **DENIES** the Motion.

## II. BACKGROUND

This legal malpractice action arises from Defendants Amy Wilburn and Gravis Law, PLLC's representation of Plaintiff Bergman Development Partners, LLC, in a Chapter 11

bankruptcy. On July 29, 2024, the day its redemption period on two properties was set to expire, Plaintiff filed a *pro se* Chapter 11 petition in the U.S. Bankruptcy Court for the Western District of Washington. Dkt. No. 1 ¶¶ 10–11, 26–28; Dkt. No. 1-3 at 1. On that same day, the Bankruptcy Court issued an amended notice of deficient filing, indicating that a statement of corporate ownership under Fed. R. Bankr. P. 1007(a)(1) was due by August 5, 2024. Dkt. No. 1-3 at 1; Dkt. No. 28-4.

Plaintiff retained Defendants on August 13, 2024. Dkt. No. 1 ¶ 33; Dkt. No. 28-3. On August 19, 2024, the Bankruptcy Court notified Defendant Wilburn that the corporate ownership statement was overdue, and Ms. Wilburn responded that she would file it that day. Dkt. No. 28-4. However, the statement was not filed before the case was dismissed. Dkt. No. 1-8. On September 11, 2024, the Bankruptcy Court determined that Plaintiff's redemption period on the properties would expire on September 27, 2024. Dkt. No. 1-7. On September 18, 2024, the Bankruptcy Court dismissed the case for failure to file the corporate ownership statement, and it later denied the motion for reconsideration Defendants filed on Plaintiff's behalf. Dkt. Nos. 1-8, 1-9, 1-10. Plaintiff alleges that the dismissal cost it the right to redeem the properties, which it values at more than $5 million. Dkt. No. 1 ¶¶ 50–51, 59.

In September 2025, Plaintiff filed this action, asserting claims for professional negligence, breach of contract, and breach of fiduciary duty. *Id.* ¶¶ 53–89. Defendants admit the corporate ownership statement was not filed, but they deny that the omission breached the standard of care or caused Plaintiff's damages. Dkt. No. 16 ¶¶ 56–61. Each side has disclosed a standard-of-care expert. Plaintiff's expert, retired Bankruptcy Judge Dennis O'Brien, opines that Defendants breached the standard of care and that the breach caused Plaintiff's loss of the properties. Dkt. No. 28-6 at 10–11. Defendants' expert, bankruptcy attorney Christine M. Tobin-Presser, opines that the failure to file the statement did not breach the standard of care, and that a reasonable Chapter 11 bankruptcy practitioner would not have foreseen dismissal on that basis. Dkt. No. 28-2 at 8–11.

Plaintiff now moves to exclude Ms. Tobin-Presser's testimony, arguing that her opinions rest solely on personal experience, "without referencing industry standards, verifiable methods, or supporting materials as required" by Fed. R. Evid. 702. Mot. at 2. Defendants oppose the Motion. Dkt. No. 29.

## III. LEGAL STANDARD

Under Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that":

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). This assessment requires the Court to consider two questions: (1) whether the reasoning or methodology underlying the testimony has a reliable basis in the discipline of expertise (the "reliability" prong); and (2) whether that reasoning or methodology can properly be applied to the facts at issue (the "relevancy" prong). *See Daubert*, 509 U.S. at 592–93; *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1228 (9th Cir. 1998). "[T]he test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). "Rather, the law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id.* at 142.

"[T]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). Under *Daubert*, the district judge is "a gatekeeper, not a fact finder." *Id.* at 565. When an expert meets the threshold established by Rule 702, the expert may testify and the jury decides how much weight to give that testimony. *Id.* "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## IV. DISCUSSION

### A. Expert Testimony of Christine M. Tobin-Presser

Ms. Tobin-Presser is an attorney with over 28 years of experience whose practice has focused on representing "commercial debtors in restructuring matters," including "hundreds of chapter 11 bankruptcy cases." Dkt. No. 28-2 at 1. Plaintiff does not challenge Ms. Tobin-Presser's qualifications. Instead, Plaintiff argues the Court should exclude her standard-of-care testimony because it relies "solely on [her] personal experience without referencing industry standards, verifiable methods, or supporting materials." Mot. at 11–14. The Court disagrees.

The fact that Ms. Tobin-Presser's opinions may be based solely on her knowledge or experience is not enough to exclude her testimony. Indeed, for non-scientific testimony such as hers, reliability "depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (emphasis in original) (quoting *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000)); *see Kumho Tire Co.*, 526 U.S. at 150. And under Rule 702, an expert relying solely or primarily on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note.

Ms. Tobin-Presser's report satisfies these requirements. *First*, her experience is a sufficient basis for her opinion. The standard of care in a legal malpractice action is measured by the conduct of a "reasonable, careful, and prudent lawyer … in this jurisdiction," *Hizey v. Carpenter*, 830 P.2d 646, 652 (Wash. 1992), and Ms. Tobin-Presser has practiced Chapter 11 bankruptcy law for over 28 years, including in "hundreds of chapter 11 bankruptcy cases." Dkt. No. 28-2 at 1.

*Second*, she explains how her experience leads to her conclusion. In her 28 years of practice, she has "never experienced nor, with the exception of [Plaintiff's] case, … heard of a court dismissing a bankruptcy case solely due to a debtor's failure to file a corporate ownership statement." *Id.* at 8. She explains why: the statement serves the narrow purpose of allowing the bankruptcy court to determine whether the judge has a financial interest that requires recusal. *Id.* at 6, 10 (discussing Fed. R. Bankr. P. 1007(a)(1)(A) and its advisory committee note). By contrast, the petition, schedules, statement of financial affairs, and creditor matrix give creditors and the bankruptcy court the core information needed to administer the case. *Id.* at 9–10. According to her, a reasonable practitioner would therefore foresee that a case could be dismissed for continuing failure to file those critical documents, but not for failure to file the corporate ownership statement. *Id.*

*Third*, she reliably applies her experience to the facts of this case. In forming her opinion, she reviewed 37 documents related to Plaintiff's bankruptcy case, *id.* at 2–3, and relies on specific parts of the record. For example, in support of her conclusion, she points out that Plaintiff's statement of financial affairs, filed more than a month before dismissal, "explicitly disclosed that Patrick Imeson, an individual, was the sole owner of the Debtor." *Id.* at 10. She further notes that in the 44 days between the filing deadline and dismissal, the bankruptcy court held two substantive hearings without raising the missing statement and scheduled a case management conference at which the filing of schedules and documents was to be addressed. *Id.* at 10–11.

Accordingly, the Court finds that Defendants have shown it is more likely than not that Ms. Tobin-Presser's testimony satisfies Rule 702. Plaintiff's criticisms, including that her experience may not be representative of Chapter 11 practice and that she "provides no citation to industry standards, verifiable methods, or law," Mot. at 13, go to the weight of her testimony, not its admissibility. Plaintiff may therefore challenge her conclusions through cross-examination and contrary evidence. *See Daubert*, 509 U.S. at 596.

**B. Failure to Meet and Confer**

The Motion also fails for an independent reason. This Court's Standing Order directs that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss *thoroughly* … the *substance* of the contemplated motion *and any potential resolution*." Dkt. No. 10 at 4 (emphasis in original). If a motion is filed, counsel must also include a declaration describing that discussion. *Id.* The Standing Order warns counsel that "[t]he Court construes this requirement strictly." *Id.* Plaintiff failed to fulfill this obligation despite having two opportunities to do so in the days prior to filing the Motion, as Defendants' counsel attests. *See* Dkt. No. 30 ¶¶ 4–5. A conference might have narrowed the present dispute, thereby conserving the parties' and this Court's resources. Accordingly, the Court also denies the Motion for Plaintiff's failure to comply with this Court's Standing Order.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Exclude Defendants' Expert Christine M. Tobin-Presser's Testimony, Dkt. No. 28.

Dated this 7th day of October, 2026.

The Honorable Richard A. Jones
United States District Judge